RALPH JACOB GJOEN and PATRICIA ANNE GJOEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gjoen v. Commissioner
Docket No. 26589-81.
United States Tax Court
T.C. Memo 1983-114; 1983 Tax Ct. Memo LEXIS 671; 45 T.C.M. (CCH) 892; T.C.M. (RIA) 83114; March 3, 1983. John J. Morrison, for respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Randolph F. Caldwell, Jr., for hearing on respondent's motion for summary judgment, pursuant to section 7456(c), Internal Revenue Code of 1954, and Rule 180 et seq. of this Court's Rules of Practice and Procedure. This Court agrees with and adopts the Special Trial Judge's opinion which is set *672 out herein below. OPINION OF THE SPECIAL TRIAL JUDGE CALDWELL, Special Trial Judge: Respondent determined a deficiency of $3,338 in petitioners' 1978 Federal income tax. This case was called from the calendar at Chicago, Illinois, on December 7, 1982, for hearing on respondent's motion for summary judgment filed on September 21, 1982. The sole issue for decision is whether petitioners are entitled to deduct as educational expenses under section 162 [1] certain payments for flight training expenses for which petitioner-husband received nontaxable reimbursement from the Veterans Administration. The term "petitioner" will hereinafter refer to Ralph J. Gjoen. FINDINGS OF FACT Petitioners resided in Hinkley, Illinois, at the time the petition was filed in this case. They timely filed a joint Federal income tax return for the year 1978 with the Internal Revenue Service Center, Kansas City, Missouri. During 1978, petitioner was employed as an airline pilot by American Airlines, Inc. During 1978 petitioner enrolled in flight training classes at the Flying "U" *673 Ranch Airport. Petitioner incurred educational expenses of $11,208.60 in connection with this training. As a result of prior military service, petitioner was eligible for veteran's benefit payments pursuant to 38 U.S.C. section 1677 (1976). Therefore, petitioner received $10,087.74 as reimbursement for a portion of the cost of the training. Petitioner deducted the entire cost of the course on his 1977 return. Respondent does not dispute that petitioner is entitled to an educational expense deduction for the unreimbursed portion of the cost of the training under section 1.162-5, Income Tax Regs.Respondent disallowed, however, the portion of the expense which was reimbursed by the Veterans Administration. OPINION In Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), this Court dealt with this identical issue under virtually the same facts. We held that section 265 prohibits the deduction of such reimbursed expenses. In the instant case, petitioner is presenting the same arguments that we considered and rejected in Manocchio, e.g., the effect of 38 U.S.C. section 3101(a); *674 Rev. Rul. 62-213, 1962-2 C.B. 59; Rev. Rul. 80-173, 1980-2 C.B. 60. Therefore, inasmuch as Manocchio is indistinguishable from the instant case, it is dispositive of petitioner's claim. [2] There being no genuine issue as to any material fact and respondent being entitled to prevail as a matter of law, respondent's summary judgment motion should be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. See also Heft v. Commissioner,T.C. Memo. 1982-444; Byrne v. Commissioner,T.C. Memo. 1982-364; Beynon v. Commissioner,T.C. Memo. 1982-349↩.